NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUHAMMAD TOURE, | No. 18-55961 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01983-RGK-SHK |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Muhammad Toure appeals pro se from the district court's judgment in his

federal employment action. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 868, 873 n.5 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (summary judgment). We affirm.

The district court properly granted summary judgment on Toure's retaliation claims because Toure failed to raise a genuine dispute of material fact as to whether his 48-day suspension was in response to protected conduct, or as to whether his 60-day suspension was pretextual. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) ("[O]pposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."); *see also Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (granting summary judgment because, although "the timing of the[] events suffice[d] to establish a minimal prima facie case of retaliation, it d[id] nothing to refute" the employer's stated legitimate reasons for disciplining the plaintiff).

The district court properly dismissed Toure's Fourteenth Amendment claims, and his Title VII discrimination and harassment claims, because Toure failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible

2

claim for relief); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 640-42 (9th Cir. 2003) (setting forth prima facie cases of discrimination and harassment under Title VII); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001) ("States are protected by the Eleventh Amendment from suits brought by citizens in federal court.").

The district court did not abuse its discretion by denying Toure's motion to file a second amended complaint because allowing Toure to add defendants who had previously been dismissed due to Toure's failure to serve them would have been prejudicial, and because his other proposed amendments failed to state a claim. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879-80 (9th Cir. 1999) (setting forth standard of review and explaining that the district court may deny leave to amend for "bad faith, undue delay, prejudice to the opposing party, and/or futility").

**AFFIRMED.**